Jacob Cohen, Appellant, v. Millie Cohen and William Jacobs, Guardian of Millie Cohen, Appellees.

Gen. No. 40,107.

Heard in the first division of this court for the first district at the June term, 1938. Opinion filed October 31, 1938. Rehearing denied November 11, 1938.

SAMUEL SCHMETTERER, of Chicago, for appellant.

WALTER A. ROONEY, of Chicago, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is the second time this case has been before this court. (*Cohen v. Cohen*, 291 Ill. App. 39.) In our opinion in that case we stated the facts somewhat fully.

Jacob Cohen, hereafter called plaintiff, filed his petition in chancery alleging that his wife, Millie Cohen, was insane; that it was necessary to secure her signature to a warranty deed so as to relinquish her dower and homestead rights, and asked for a decree authorizing some person to execute such a deed on behalf of his wife and that a guardian *ad litem* be appointed for her. The proceeding was under section 17, ch. 68, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 64.17]. Accordingly a decree was entered, the execution of the deed was authorized and William Jacobs, who is one of the defendants here, was appointed guardian of Millie Cohen.

It was also ordered that commencing December 1, 1927, plaintiff pay to Jacobs, guardian, $150 a month for the support of his wife, an insane person, not living with plaintiff.

Subsequently plaintiff made defaults in the monthly payments and in November, 1933, the guardian filed a petition alleging these defaults and asking that plaintiff show cause why he should not be held in contempt of court. Cohen filed amended and supplemental cross-petitions denying any personal liability for the monthly payments; reference was had to a master who made his report, and June 6, 1935, the court entered an order which found that the arrearages had been settled and ordered the monthly payments reduced to $100.

April 28, 1936, the guardian filed another petition, asserting that plaintiff was again in default; to this

an answer was filed, again asserting the court had no power to fix any personal liability on him for the support of his wife.

January 13, 1937, a decree was entered finding that plaintiff was in default and that no sufficient cause had been shown why these monthly sums should not be paid and no showing made that he was unable to pay them. Plaintiff was found guilty of contempt and sentenced to prison. Appeal from that order was taken to this court, where we affirmed the order as in accordance with the evidence and every principle of equity. We there said: ''Insane persons have been from time immemorial the special consideration of the courts and the protecting arm has been extended in their behalf. It would be most unjust to hold that a court could not compel a husband, able so to do, to provide means of support and maintenance to his insane wife.''

December 7, 1937, the present petition was filed by the guardian, again alleging that plaintiff Jacob Cohen was in default on these monthly payments in the sum of over $1,000. The petition alleged that he was well able to comply with the order of the court; that he was president of the Cohen Brothers Furniture Company, which company was incorporated in the sum of $150,000 capital stock, all paid for; that he has transferred all his property to the names of his children for the purpose of evading the decree of the court; that he also carries life insurance policies in large amounts for the benefit of his children and in no policy is his wife a beneficiary; a rule was asked requiring plaintiff to show cause why he should not be punished for contempt. To this plaintiff filed an answer alleging that he was unable to pay $100 a month for the support of his wife; that his only income is $25 a week and that he has no other source of income; that he is not now president of Cohen Brothers Furniture Company and that he now has no interest in said company.

He also asserted that he had learned that his wife has a separate income of her own from a trust fund

of $20,000 and that this income can be used for her support and maintenance. Plaintiff again asserted that his failure to pay was due to his inability. Hearing was had before the trial court, which consisted of the testimony of plaintiff; after hearing the court entered an order finding plaintiff guilty of contempt and ordering him committed to the Cook county jail for six months, or until he pay the sum of $1,403.32. The appeal is from this order.

Plaintiff in this court earnestly urges that the trial court committed error in rejecting plaintiff's offer to prove that subsequent to the order of June 6, 1935, which fixed the monthly payments at $100, he had discovered that his wife had a separate income from a $20,000 trust fund which was being used for her support and maintenance. The court properly excluded this evidence, as this information was available to plaintiff in 1933, when the guardian first filed his petition. In plaintiff's answer filed November 13, 1933, the trust fund of $20,000 was asserted, and that the income from this was at the command of the guardian for the support of plaintiff's wife. In the offer of proof upon the present hearing nothing was said as to when Jacob Cohen first learned of the existence of this trust fund. It is apparent that when the court entered the decree of June 6, 1935, this trust fund was brought to his attention, and it is a fair presumption that when, by the decree of June 6, 1935, the monthly payments were reduced from $150 to $100, the court took into consideration the income from this trust fund.

It is well settled that the rule concerning *res judicata* extends to all matters properly involved on the prior hearing. A litigant may not try his action piecemeal. *Godschalck v. Weber*, 247 Ill. 269.

The testimony of Cohen as to his inability to pay is just the same as it was upon the prior hearing and upon which we commented in our former opinion. We there said that while the court may change such an allowance

where the circumstances have changed since the prior order, after a lapse of time it has no power to reverse or modify a decree for the payment of money upon the same facts that existed at the time of the entry of a decree. We also noted that the evidence of plaintiff was not such as to impress the court with its truthfulness.

Upon the present hearing, when cross-examination was commenced, plaintiff complained of a heart attack and was removed from the court room, so that there was no cross-examination.

The trial court commented upon the fact that the record shows plaintiff had continuously claimed "that he had not money enough to pay and yet was compelled to pay each time." The court with some feeling commented on the conduct of plaintiff and his sons in attempting to defeat a decree given for the support and maintenance of the wife and mother, saying that plaintiff's "bad faith has been shown throughout this whole proceeding." We are in sympathy with this comment.

It appears that Millie Cohen has been for many years past in the custody of William Jacobs, her guardian, who is her brother, and in one of the petitions filed by Jacob Cohen it is intimated that this litigation arises from "a family quarrel which has existed for a great many years"; and also, plaintiff protests against the claimed efforts of William Jacobs, the guardian, to regulate the life not only of the insane woman but also of plaintiff and his two children. This seems to be the animus moving plaintiff's conduct.

The record before us on this appeal with reference to the points presented on behalf of plaintiff shows virtually the same state of facts as was shown upon the prior appeal. Under such circumstances the order appealed from is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.