No. 28,760.

LULITA HIPPLE, *Appellant*, v. FLOYD J. HIPPLE, *Appellee.*

(278 Pac. 33.)

Opinion filed June 8, 1929.

*C. H. Brooks, Willard Brooks* and *Howard T. Fleeson,* all of Wichita, for the appellant.

*J. R. Beeching* and *C. E. Chalfant,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant made application to the district court of Reno county for a modification of the judgment in a divorce action between the plaintiff and the defendant by which the custody of their minor children was given to the plaintiff and certain alimony was given to her for their support. The defendant asked that he be given the custody of the children; that he be given the use and possession of the home theretofore set aside as the home

of the children; and that the decree of the court with reference to alimony be modified. The court refused to modify the decree concerning the custody of the children or concerning the use and possession of the home, but did reduce the amount of alimony that should be paid to the plaintiff for the support of the children from $100 per month to $50 per month. The court refused to allow any attorney's fee to the plaintiff for resisting the application. She appeals.

In order to get a fair understanding of the circumstances surrounding the present application, it is necessary to look into the previous litigation between these parties.

We quote from *Hipple v. Hipple,* 121 Kan. 495, 247 Pac. 650, as follows:

"Lulita Hipple brought this proceeding to vacate and modify a judgment that had been rendered divorcing her from her husband, giving her the custody of three minor children, setting aside and placing in trust property of the defendant for the plaintiff and the children by providing that it should be held in trust for the children; that plaintiff should reside thereon as long as she remained single, and that if the children died before the death of defendant the property would revert to him, but if he died first then the property should go to the children absolutely. It was also decreed that defendant should pay to plaintiff as alimony $150 per month, and also pay to her for the support of the children $100 per month. Jurisdiction of the case was retained by the court for the purpose of modifying the judgment as to alimony and allowances for the support of the children. The decree was entered June 29, 1925, and on August 25 plaintiff filed a motion alleging that the terms of the decree were unjust towards her; that she had been led to believe by her attorneys that more liberal allowances of alimony would be awarded; that she informed her attorneys that she did not desire a divorce, but was led to believe that if she did not obtain a divorce one would be awarded to the defendant; she also alleged that when the case came up for trial, which was very brief, attorneys gave her no advice or information; that they filed no motion for a new trial and did not have a record made of the testimony taken at the trial . . . Testimony was taken on the motion to vacate the judgment, and at the conclusion the motion was denied.

"Plaintiff contends that the action of the court in the trial for divorce betrayed an attitude of prejudice against her; that attorneys did not fairly represent her; that the amount of property owned by the defendant was not fairly presented to the court, and that she consented to ask for a divorce because of statements by the court to the effect that a divorce would be granted to her husband if she did not amend her petition and ask for one." (pp. 496, 497.)

The next appearance of these parties in this court is found in *In re Hipple,* 124 Kan. 3, 256 Pac. 1015, where this court said:

"This is an original proceeding in habeas corpus wherein Floyd Hipple, a resident citizen of Hutchinson, seeks to obtain the custody of his two small children now with their mother, Lulita Hipple, who resides in Wichita.

"The pertinent facts are these: In June, 1925, the parents, Floyd and Lulita Hipple, then residents of Hutchinson, Reno county, were divorced. Lulita was given the custody of their three children, Miriam, Betty Jean and Francis Byron. The eldest daughter, Miriam, presumably because she was of an age which privileged her to choose her own guardian, continued to make her home with her father, the petitioner herein. The petitioner's fine modern ten-room, well-furnished family residence, situated in spacious grounds in a restricted district, close to school and church and to a city park, was set apart by the court as a home for the children, together with a monthly allowance of $100 to the mother for their maintenance, and the mother was given the privilege of residing in the home thus provided so long as she remained unmarried, and she was also awarded $150 per month on her own behalf as alimony. The father was permitted to visit the children at reasonable intervals, and he was required to pay the taxes and insurance on the home and keep it in repair. (See *Hipple v. Hipple,* 121 Kan. 495, 247 Pac. 650.)

"That arrangement was followed until early in 1926, when the mother went to Excelsior Springs for two months, leaving the two children in their father's care. Later, in the summer of 1926, the mother took the two children to Peck, in Sumner county, and a month later to Wichita, where she rented an apartment of two rooms and a kitchenette and set up housekeeping therein for herself and the children, and had them enrolled in the Wichita city schools.

"The father complained of this to the district court, and that court dispatched the sheriff of Reno county to Wichita to bring the children back to their Hutchinson city home. He was halted with a writ of habeas corpus issued by one of the judges of the Sedgwick county district court at the instigation of the mother. Before this latter judge the father also sued out a writ of habeas corpus for the possession of the children, setting up the Reno county judgment and certain supplementary orders of that court. The two cases were heard together and judgment was entered in favor of the mother.

"To speedily determine the best interest of these children, which manifestly is in danger of being lost sight of in the hostile and litigious proclivities of their parents, and to put a summary quietus on what bids fair to develop into a scandalous conflict of jurisdiction of district courts, the original and paramount jurisdiction of this court is invoked. . . .

"This court holds that the excuse of the father's alleged drunkenness, profanity and violence, if true, did not warrant the respondent in taking the children from their home. We think the matter of immediate and paramount concern in this lawsuit is that these two children be promptly returned to their home in Hutchinson, and the order of this court will be to that effect. But the court is reluctant to deprive the mother of their custody, and for the present it will not do so if she is disposed to return with them to their home in Hutchinson. Neither is the court convinced as to the father's alleged unfitness to have the custody of the children, so if the mother does not choose to return with them to their home it will be this court's order that the custody

of the children be transferred from the mother to the father. If the mother returns with the children to the Hutchinson home, the father will be privileged as heretofore to visit them at reasonable intervals, to wit: twice a week in the daytime, at which specified intervals he may take them to places of amusement and automobile riding. And it will be the further order of this court that if hereafter the mother shall have any reasonable basis to complain against the petitioner on account of drunkenness, violence or profanity during his visits to the children, or by disturbing her peace in any other fashion, she may invoke such redress as this court, or the police authorities or the courts of Reno county can afford." (pp. 3, 4, 6.)

■ The plaintiff applied for a change of venue on the ground of the bias and prejudice of the trial judge. Her affidavit was read in support of her application, which was denied. The court in passing on the application took cognizance of his feelings and attitude toward the plaintiff. In *Hanson v. Hanson*, 86 Kan. 622, 122 Pac. 100, this court said:

"The allowance or refusal of an application for a change of venue rests largely in the discretion of the court." (Syl. ¶ 3.)

"As to the bias and prejudice of the judge, the court was not bound to consider only the statements in the affidavits of the appellant, but could also take into consideration his own consciousness of the facts, and, knowing his own mind and feelings, he could overrule the application on the ground that the facts stated were not true. The allowance or refusal of an application for a change of venue is a matter resting largely in the sound discretion of the court, and error will not be predicated thereon unless there is good ground for believing that the appellant has been prejudiced by the refusal to grant the request." (p. 624.)

See, also, *Vaughn v. Hixon*, 50 Kan. 773, 32 Pac. 358, and *Hanson v. Kendt*, 94 Kan. 310, 146 Pac. 1190.

The history of the litigation between the parties to this action is found in the two decisions of this court from which extensive quotations have been set out. This court takes judicial notice of one of those decisions, and the other one was brought into the record by reference to it. That litigation, together with the knowledge of the judge's feelings toward the plaintiff, justified him in refusing the application for a change of venue under the discretion vested in him by law.

■ The judgment recites the following finding of fact made by the court:

"The court further finds that all alimony, together with the money to be paid by the defendant to the plaintiff for the support and maintenance of said children, has been fully paid, up to the date of this hearing."

The plaintiff complains of that finding and argues that it was unjustified because it was not within the issues made by the pleadings. It was not directly within the issues, but it was a fact to be considered in determining whether or not the judgment concerning alimony should be modified. The finding may have been irregular, but it was not sufficiently irregular to justify a reversal or modification of the order of the trial court.

■ The plaintiff contends that the district court had no jurisdiction to modify the award of alimony because this court in *In re Hipple*, 124 Kan. 3, 256 Pac. 1015, said:

"For the present this court will retain jurisdiction of this cause for such other or further orders as events shall justify." (p. 7.)

Nothing was involved in that case except the custody of the children. The order from which the present appeal is taken did not make any order concerning the custody of the children except that—

"The court, having heard the evidence, and being fully advised in the premises, finds that said motion should be denied, provided, however, that should the plaintiff at any time refuse to permit the defendant to see and have said children, in accordance with the prior order of this court, said custody should thereupon be forthwith transferred to said defendant."

The court had jurisdiction to modify the award of alimony. No change was made in the custody of the children and that question is not now before us.

■ The plaintiff made an application for an allowance of $500 attorney's fee, which was denied; of that denial she complains. In this state it has long been the practice to allow attorney's fees to the wife in divorce actions. In the present case the wife was allowed alimony for the support of herself and the minor children. A court granting a divorce has power to change the award of alimony in a subsequent proceeding brought for that purpose. In a proceeding to reduce the amount of alimony previously awarded to the wife she has the right to resist the application for the reduction and has the right to be represented by counsel. Where she has no means of employing counsel, except by taking from the alimony awarded to her, she should be allowed a reasonable attorney's fee for resisting the application, the amount of such fee being within the sound discretion of the trial court. Under the circumstances disclosed in the present proceeding, a reasonable attorney's fee should have been allowed to the plaintiff.

The judgment is affirmed as to the custody of the children and the

award of alimony, but the judgment disallowing an attorney's fee is reversed and the cause is remanded to the trial court with directions to allow a reasonable attorney's fee to plaintiff for resisting the application of the defendant.