No. 33,756

Mrs. Lillie Sandhagen, *Appellee*, v. Richard A. Vogel, *Appellant*.

(77 P. 2d 949)

Opinion filed April 9, 1938.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellant.

*Eustace Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Plaintiff brought this action to recover a reasonable sum for the care and maintenance of her insane sister, Florence Vogel, formerly the wife of the defendant, Richard A. Vogel. The trial court rendered judgment for plaintiff upon the stipulated facts. Defendant has appealed.

In June, 1926, Florence Vogel, then the wife of defendant, was duly adjudged to be insane and was committed to the state hospital at Larned. In September, 1931, defendant obtained a divorce from his wife, Florence Vogel, upon the ground of incurable insanity, under the procedure authorized by G. S. 1935, 60-1501, 11th clause. This statute, among other things, provides:

"That a decree granted on this ground shall not relieve the successful party from contributing to the support and maintenance of the defendant."

Florence Vogel remained in the state hospital as a patient until November, 1932, when plaintiff visited her, and upon the advice and with the consent of the superintendent of the hospital removed the patient to her home, where she has since maintained and cared for her. It was stipulated that such care and maintenance were of the reasonable value of $5 per week.

Defendant, as appellant here, contends that the statute just

quoted is limited to the statutory provisions (G. S. 1935, 39-231, 39-232 and 39-233) which pertain to who shall be liable for the maintenance of persons in the state hospitals for the insane; that the appellant is only secondarily liable for the support of his insane wife, and that the services rendered to the wife by plaintiff were presumed to be gratuitous; hence, that there is no liability. We think none of these contentions is well taken. In 32 C. J. 686 it is said:

"Under the common law a husband is under a legal obligation to support and maintain his wife, and the fact that she is insane does not absolve the husband from that obligation. If the husband fails to support and maintain her, anyone who furnishes her with the necessaries may compel him to pay therefor."

The fact that the wife has a separate estate does not affect this ruling. (30 C. J. 517.) See the authorities cited in support of the above text; also, those collected in the annotation, 4 A. L. R. 1113. The late case of *Cohen v. Cohen,* 291 Ill. App. 39, 9 N. E. 2d 595, although differing from the case here on the facts, is quite in point in principle. The portion of the statute (G. S. 1935, 60-1501), above quoted, is broad enough to cover that liability. Those of us familiar with the efforts made to get this eleventh ground for divorce incorporated in our statute know how essential it was to the passage of the act that it contain a provision which would not relieve the successful party from the maintenance of the one who was insane.

There is no error in the record. The judgment of the court below is affirmed.