No. 34,022

MARY RACHEL DAVIS, *Appellee*, v. COURTNEY B. DAVIS, *Appellant.*

(84 P. 2d 849)

Opinion filed December 10, 1938.

*A. M. Ebright, P. K. Smith, Bernard Peterson* and *Richard A. Hickey,* all of Wichita, for the appellant.

*J. B. Patterson,* of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is another chapter in the litigation which had its inception in a divorce action and its incidents between the parties to this appeal. (*Davis v. Davis,* 145 Kan. 282, 65 P. 2d 562; id., *ante,* p. 211, 81 P. 2d 55.)

The present appeal is from two orders of the district court—(1) increasing the payments to be made for the support of the minor child of these litigants, Margaret Jane Davis, from $50 to $100 per month; and (2) ordering appellant to pay four doctor and dentist bills incurred in her behalf, and which aggregate $222.30.

Touching the first of these orders, appellant contends that it was

"arbitrary, unreasonable and capricious," and made in "disregard of the authority vested in the trial court." In support of this contention counsel for appellant devote several pages of their brief to matters of no present concern, to wit, the fact that the appellee is the only daughter of one of the proprietors of a prominent trust company in Wichita, that she owns a fine home in Colorado Springs, that she has acquired another husband who is rich; nor is it of any material consequence in this appeal that appellant has heretofore been adjudged to pay a large sum to appellee on account of his long-protracted failure to make the monthly payments heretofore required of him for his minor child's support and as to which he has been in arrears.

On January 17, 1936, the trial court, doubtless upon a showing as to appellant's financial status at that time, reduced its prior order for support of the minor child of these litigants to $50 per month. Two years and three months later, on April 23, 1938, an application of appellee to increase the allowance was heard upon such evidence as the litigants chose to present. It is asserted in appellee's brief, and not denied by appellant, that he was present in court at this hearing, and that he did not take the witness stand. If his financial circumstances at that time would not warrant an increased allowance on behalf of his young daughter, he, better and more convincingly than any other witness, could have brought that fact home to the court. Instead of fulminating against the court's order, appellant's counsel would have served him better to have put him on the stand to testify as to the condition of his business and his net income, his own then current needs, and any other pertinent considerations which ought to be taken into account. Counsel for appellee directs our attention to the fact that at a hearing in an earlier chapter of this litigation appellant had testified as to his then current income and prospects. The exact language of this testimony is supplied by counsel for appellant. It reads:

"My gross income from these wells this month was $20,000 and it should remain at that figure for the next year."

This court can take judicial notice of the precarious nature of an income drawn from the oil industry, but we have to depend on the record for the actualities of any particular case. In their reply brief counsel for appellant say, "The trial court, throughout this litigation, would hear only the evidence he wanted to hear." Elsewhere in the same brief they say:

"Appellant firmly believes it would have made no difference whatsoever if Mr. Davis had testified. . . ."

Glancing at the names of counsel appended to this brief, we recognize that some of them certainly know, without being told, how to bring into the record for appellate review any pertinent evidence in behalf of their client which the trial court declined to hear, or other evidence that would be helpful to this court, whether the trial court so regarded it or not. (*Smith v. Smith,* 104 Kan. 629, 631, 180 Pac. 231; *Harmon v. Coonrad,* ante, pp. 146, 154, 79 P. 2d 831.) The error assigned on the order increasing the monthly award for the support of appellant's daughter is not sustained.

Turning next to the order requiring appellant to pay certain bills incurred for medical expenses in behalf of appellant's daughter, those items were as follows: Nose and throat specialist, $48.96; eye doctor, $28.56; dentist, $3; thyroid and gland specialist, $141.78; total, $222.30.

This order was not made pursuant to some new development in this litigation, but merely as a matter of detail pursuant to a prior order of the court in one of the earlier chapters of the litigation. That earlier order had been made on January 17, 1936. According to appellant's brief it provided that defendant should pay "all medical, surgical and hospital expenses necessary for said Margaret Jane Davis." The complaint now made is that in the allowance of these bills "the court followed no statutory procedure whatsoever." It cannot be gainsaid, however, that there was a hearing before the court in respect to these bills. Appellee testified as to their necessity, and she was cross-examined in regard thereto, as well as on some irrelevant matters. It is now suggested that Mrs. Davis was not a competent witness touching the necessity or reasonableness of those bills—that only experts could testify so. We do not think the point has much merit; and if it did, the record does not show that any timely or pertinent objection was made to her testimony. No error is apparent on this assignment.

Counsel for appellee asks this court for an attorney's fee for his services in this court. Appellant's objections thereto have been duly considered. We think a fee of $150 in his behalf should be allowed, to be charged as costs in the case. It is so ordered.

The judgment is affirmed.