No. 38,252

Albert W. Maston, *Appellant*, v. Elsie Pauline Maston, *Appellee*.

(229 P. 2d 756)

Opinion filed April 7, 1951.

*William Keith*, of Wichita, was on the briefs for the appellant.

*Kenneth M. Nohe*, of Wichita, argued the cause, and *Eugene G. Coombs, Robert F. Hudson, Robert C. Dauffenbach*, and *George D. McCarthy*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the district court sustaining a motion filed by the appellee (mother) for change of custody of her thirteen year-old son from the appellant (father) to the appellee. The motion was filed in the original divorce action in which appellant prevailed. The order appealed from also awarded to appellee child support and attorney's fees.

Appellant charges error of the court (1) in abuse of its judicial discretion in awarding change of custody on the evidence adduced; (2) in awarding defendant's attorney fees and assessing costs against appellant; (3) in overruling appellant's motion for a rehearing; and (4) in questioning the child informally and basing its decision wholly on the child's preference.

Briefly, the facts involved herein are as follows: Appellant, Albert W. Maston, obtained a divorce by default from appellee, Elsie Maston, on March 21, 1949, on the ground of gross neglect of duty,

and custody of the parties' three children, including Albert Leroy Maston, now thirteen years old and the child involved in this custody proceeding, was awarded to the father, appellant here. About the same time appellant's present wife, Kathryn, obtained a divorce from Everett Mayfield on the grounds of gross neglect of duty and extreme cruelty, and custody of that couple's two infant children was awarded to her. Afterward the parties intermarried, Kathryn Mayfield to Albert W. Maston and Elsie Maston to Everett Mayfield, so that all five minor children became members of appellant's family. $15.00 weekly was contributed by Everett Mayfield for support of his two children.

On June 2, 1950, fourteen months after the Maston divorce was granted, the two Maston boys, Albert Leroy and Richard D. Maston, aged 19, voluntarily left appellant's home and went to live with their mother, the appellee. On July 30, appellee filed a motion in the original divorce action asking for change of custody of Albert Leroy, and after listening to the evidence, the court on November 13, 1950, ordered custody of Albert Leroy changed from the father to the mother and ordered appellant father to pay the sum of $12.50 weekly for child support and $50.00 attorney's fee. From this order of the trial court, appellant brings this appeal here. Thereafter appellee filed a motion in this court for allowance of child support, attorney's fees and expenses pending the appeal, which motion was granted in part.

We will first consider whether the lower court abused its discretion in changing the custody of the minor child. In an unbroken line of decisions of this court, it has been held that the jurisdiction of the district court over the custody and support of minor children in a divorce action is a continuing jurisdiction (G. S. 1949, 60-1510), and that the court may on proper motion and notice modify and change any order previously made providing for such custody and support whenever circumstances are shown which make such modification proper. (*Hayn v. Hayn*, 162 Kan. 189, 175 P. 2d 127; *Teegarden v. Teegarden*, 155 Kan. 195, 124 P. 2d 464; *Phillips v. Phillips*, 163 Kan. 710, 712, 186 P. 2d 102; *Sharp v. Sharp*, 154 Kan. 175, 176, 117 P. 2d 561)

Moreover, it is also a well established rule in this state that whether the court will change the custody of children rests in the sound discretion of the trial court in view of all the facts and circumstances shown by the evidence. (*Prier v. Lancaster*, 169 Kan.

368, 371, 219 P. 2d 358; *Kogler v. Kogler*, 163 Kan. 62, 179 P. 2d 940; *Hayn v. Hayn*, supra)

Appellant concedes the foregoing rules of law but contends that appellee's evidence for change of custody of the child was insufficient to justify a change of the custody and that the lower court disregarded the evidence and based its decision wholly upon the child's preference to live with his mother. An examination of the record discloses that the trial court heard and considered ample evidence concerning the welfare of the child. The testimony of both real and foster parents was heard; the elder brother of the child in controversy testified; and the court specially interrogated the child. Matters concerning the home environment, personal relationships, fitness and financial condition of both homes was investigated by the court. It is not necessary to describe in minute detail the evidence presented to the trial court; it need only be said that after considering the evidence, the trial court found that circumstances and conditions affecting the best interests of the child had altered sufficiently to make a change in custody advisable. In view of the record, we cannot say the trial court abused its discretion in awarding custody of the minor child to his mother, appellee herein, and in making provisions for his support.

Appellant next contends that the trial court erred in entering judgment against him for $50.00 attorney fees. As heretofore stated, appellant obtained a divorce by default from appellee on March 21, 1949, and at that time appellant was awarded the custody of the minor child in question. Appellee acquiesced in said judgment and took no appeal within the time provided by law, and the court decree granting the divorce became final. About sixteen months thereafter, appellee filed a motion in the same divorce case asking that the judgment of the court rendered on March 21, 1949, be modified in that she be granted custody of the minor child in question. G. S. 1949, 60-1507 provides among other things that in a divorce action the trial court may make such order relative to the expenses of the suit as will insure the wife efficient preparation of her case. Appellant contends that inasmuch as the decree of divorce had been granted, the lower court had no right to allow appellee attorney fees in this proceeding. This brings us to the question whether the above statute provides for allowing attorney fees to a former wife who institutes a subsequent proceeding on her own motion to change the custody of a minor child.

Attorney fees have been allowed the wife in resisting an application by her husband to take from her the custody of their children which had been awarded to her in the divorce action. (*Hipple v. Hipple*, 128 Kan. 406, 278 Pac. 33) We have also allowed attorney fees to the wife in resisting an application brought by her husband to set aside a judgment for child support. (*Bush v. Bush*, 158 Kan. 760, 150 P. 2d 168) Attorney fees have been allowed where a former wife seeks an order increasing the support money for the children and makes a showing before the court that she is not financially able to employ counsel. (*Davis v. Davis*, 148 Kan. 826, 84 P. 2d 849)

However, the rule in the above cases is distinguishable from that in the instant case. In the cases just reviewed, the wife was required to defend her position as a result of her husband's action or inaction. But in the instant case appellee, on her own motion, sought to modify the original order granting custody of the minor child to appellant and brought appellant into court where he sought no affirmative relief other than to defend his rights under the original judgment. It is the law of this state that a wife may recover reasonable attorney fees from the husband in a suit for divorce wherein she is compelled by the wrongs of her husband to employ counsel to protect her rights, but this is not that kind of an action. The divorce case between appellant and appellee had previously been disposed of, and while the present action does involve custody of the minor child, it is not a divorce action or even a suit between husband and wife. The allowance of attorney fees is wholly statutory, and insofar as the instant case is not covered by statute, it is no different from any other law suit between individuals where there was no contract to pay attorney fees. (*In re Hipple*, 124 Kan. 3, 7, 256 Pac. 1015) Where one seeks to destroy a judgment, it must be considered on a different basis than where one seeks to defend or enforce a judgment. Under the facts of this particular case, we think the item of attorney fees is not recoverable.

In view of what has been said, the judgment is affirmed as to the custody of the child and the provision made for his support, but the judgment allowing an attorney's fee is reversed and the cause remanded to the trial court with directions to set aside that part of the judgment allowing an attorney's fee.