No. 42,241

ARTHUR L. KESSLER, *Appellant*, v. CATHERINE KESSLER, *Appellee*.

(362 P. 2d 21)

Opinion filed May 13, 1961.

*Edmund R. Learned,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner, James R. Barr, Frank W. Hylton* and *R. R. Barnes,* all of Wichita, were with him on the briefs for the appellant.

*Ronald J. Wilkinson* and *Lawrence P. Andrea,* both of Wichita, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: On February 19, 1947, Arthur L. Kessler, plaintiff (appellant), was granted a divorce from Catherine Kessler, defendant (appellee), by reason of her incurable insanity (G. S. 1945 Supp., 60-1501, *Eleventh*. Defendant, at the time of the divorce decree, was, and had been for more than five years, an inmate of Larned state hospital, a state institution for the insane. In the decree, the plaintiff husband was given all the real and personal property of the parties, consisting of a substantial amount of land and other property, and was ordered to pay a specified sum for the support and maintenance of the defendant then due the state board of administration. The judgment further provided that the plaintiff was to pay defendant's guardian five dollars a week for her support and maintenance until further order of the court. The

trial court's judgment also provided that plaintiff should not be relieved from contributing to the support and maintenance of the defendant, and the court specifically retained jurisdiction of the case for the purpose of making future orders for defendant's support and maintenance under section 60-1501.

While the record in this case is incomplete, we are advised by defendant's counsel that defendant, while still insane, was discharged from the hospital in June, 1959, and was placed in a private care home, and that plaintiff ceased making payments for defendant's support on October 1, 1959. On November 12, defendant's guardian filed a motion in the original divorce action which, among other things, asked the trial court to require the plaintiff to pay the Larned state hospital the balance due and owing it for the care and maintenance of defendant, and to pay the guardian of the person and estate of defendant the amount due for her support and maintenance subsequent to October 1, 1959. The motion also sought an order fixing future support and maintenance payments by plaintiff, and an order requiring plaintiff to pay reasonable attorney fees incurred by the guardian in enforcing the prior judgment and order of the court.

The trial court, in sustaining the pertinent portion of the motion and in clarifying the journal entry of judgment in the divorce action, found that the plaintiff was liable for the amount necessary for the reasonable support of defendant, regardless of whether she was kept in a state or a private institution; that the plaintiff was liable for the back support he had declined and refused to pay, and that each of the overdue support payments should be a judgment as it became due. The court further found that the eleventh ground for divorce as it applies to insane persons as set out in section 60-1501 "places the insane spouse in the same category as dependent minor children and specifically was passed with that intention and is enforceable the same as child support in other cases, and that public policy demands that the husband of a divorced-insane wife is and shall be responsible for the reasonable care of such wife." The court entered judgment in accordance therewith and ordered plaintiff to pay the attorney fees incurred by defendant's guardian for services rendered in preparing and presenting the motion upon which the relief was granted. Plaintiff appeals only from the order of the trial court allowing attorney fees.

Plaintiff contends that there is no statutory provision for the

allowance of attorney fees in the instant case. Defendant contends that attorney fees were properly allowed under G. S. 1949, 60-1507.

G. S. 1949, 60-1507 provides that in a divorce action the trial court may make such order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case. Plaintiff contends that inasmuch as the decree of divorce had been granted, the trial court had no right to allow attorney fees to defendant in this proceeding. This brings us to the question of whether the above statute provides for the allowance of attorney fees to a guardian who institutes proceedings on behalf of an insane wife to enforce a previous judgment requiring that her former husband pay both back and future payments due for her support and maintenance under section 60-1501.

In *Maston v. Maston,* 171 Kan. 112, 115, 229 P. 2d 756, we stated that under the provisions of G. S. 1949, 60-1507 attorney fees have been allowed the wife in resisting an application by her husband to take from her the custody of their children awarded her in the divorce action (*Hipple v. Hipple,* 128 Kan. 406, 278 Pac. 33). We have also allowed attorney fees to the wife in resisting an application brought by her husband to set aside a judgment for child support (*Bush v. Bush,* 158 Kan. 760, 150 P. 2d 168). Attorney fees have been allowed when a former wife seeks an order increasing the support money for the children and makes a showing before the court that she is not financially able to employ counsel (*Davis v. Davis,* 148 Kan. 826, 84 P. 2d 849).

It is the law of this state that a wife may recover reasonable attorney fees from her husband when she is compelled by his wrongs to employ counsel to protect her rights. When a former wife seeks to defend or enforce a judgment, attorney fees are properly allowable (*Maston v. Maston,* supra). In other words, after a divorce is granted, attorney fees are allowable if a wife is forced, due to the action or inaction of her former husband, to come into court to protect a right granted her by the judgment in a divorce action.

G. S. 1945 Supp., 60-1501 provides, among other things, that a decree granted on the ground of incurable insanity shall not relieve the successful party from contributing to the support and maintenance of the defendant. One who obtains a divorce from an insane wife under the mentioned statute is under the continuing duty to care for and maintain her (*Sandhagen v. Vogel,* 147 Kan. 570, 77 P. 2d 949). Under the provisions of the mentioned statute, the trial

court, when granting the divorce, is required to make an order for the support and maintenance of the defendant. Subsequent to the decree of divorce, the district court has, under the mentioned statute, a continuing jurisdiction to enforce its judgment and to change or modify the order made therein for the support and maintenance of the insane person, when facts and circumstances are shown which make such change or modification proper, or when there are shown changed circumstances which necessitated application to the lower court for an increase in the amount of the support and maintenance of such insane person.

In the instant case, the trial court made in its original decree an order for the support and maintenance of the defendant in a specified amount and specifically reserved jurisdiction for the purpose of making future orders for the support of defendant. Inasmuch as plaintiff failed to make the payments for defendant's support as provided by the judgment, the trial court was justified in allowing attorney fees incurred by the guardian in an attempt to collect support money due and to obtain such relief in the way of future payments for the support and maintenance of defendant as the trial court might see fit to allow in the interest of justice.

We agree with the trial court that section 60-1501 places the insane spouse in the same category as dependent minor children and the provision therein for support of the insane person is enforceable the same as in child support cases. Public policy demands that the husband of a divorced insane wife be responsible for her reasonable care. We are of the opinion that when the former husband fails to comply with the previous judgment of the trial court with reference to the payment of such care and maintenance and it becomes necessary for the former wife's guardian to take affirmative action to recover such support, attorney fees are properly allowable under the rule of the aforementioned cases. The judgment of the trial court is affirmed.

It is so ordered.