No. 48,425

PATRICIA NORTH SANTEE, *Appellee,* v. KENNETH E. NORTH, *Appellant.*

(574 P.2d 191)

Opinion filed December 10, 1977.

*Kenneth E. North,* of Shawnee Mission, argued the cause and was on the brief for the appellant, *pro se.*

*John H. Johntz, Jr.,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: A petition was filed by defendant-appellant in the above case asking for review of an unpublished opinion of the Court of Appeals dated June 17, 1977, affirming a judgment for attorney fees. The petition for review was granted and the case has been heard in this court on the record, briefs and supplements and with oral arguments as provided in Rule No. 8.03, Rules of the Supreme Court (220 Kan. xlvi).

This case originated in the District Court of Johnson County and is a sequel to a divorce action between the parties. After a divorce was granted to plaintiff, the defendant sought relief in the Supreme Court of the United States by filing both an appeal and a petition for writ of certiorari. The plaintiff by her attorney filed responsive pleadings and briefs in that court. The appeal was dismissed and certiorari was denied. The plaintiff, Patricia Santee, then filed a motion in the divorce action in Johnson County seeking attorney fees for the services of her attorney in defending

the court's decree. The district court allowed a fee of $1,500.00 for the services.

The Court of Appeals in reviewing the judgment stated the sole issue on appeal was whether the trial court had sufficient information before it on which to base its allowance of attorney fees to the plaintiff. It affirmed the judgment.

Our examination of the record and briefs indicates that appellant presented an additional point which was not addressed by the Court of Appeals. It was the appellant's contention that the district court prematurely terminated the hearing on allowance of attorney fees without affording appellant the right to cross-examine witnesses and present evidence in his own behalf..

At the hearing in the district court attorney Johntz testified in support of the motion concerning the responsibility involved, the results obtained and other factors bearing on a reasonable fee, including the number of hours spent in defense of the divorce decree. Appellant North then requested that he be permitted to proceed with his side of the case including cross-examination on an item by item basis. Objection to cross-examination was made on the grounds that attorney Johntz was late for another appointment and that North merely wanted to question the legal competency of the attorney in handling the work. The arguments on the motion had included an attack by appellant on the jurisdiction of the state court to allow a fee for services in the federal court and had been lengthy. That contention was denied and was not pursued on appeal. The judge announced he had heard all he wanted to hear and stated:

"I'm going to rule, Mr. North, that from the statements of Mr. Johntz that the Court has sufficient matters presented to it to make the determination as to what is a reasonable attorney fee for the matters in the United States Supreme Court. I note that Mr. Johntz has brought to my attention 35 hours of time which did not include his appearance in court today, and he's requested a total fee of $1,500. If my mathematics serves me accurately, if I would allow Mr. Johntz what is the reasonable rate in this judicial district, that is considered as reasonable in these kind of cases, the Court is making the statement as a person having experience in setting attorney's fees and being aware of what attorney's fees are reasonably set in this judicial district and in the State of Kansas, that the fee of $50 an hour would be $1,750. This would be an ordinary case without consideration of the magnitude, the novelty of the issue to be determined, the manner, amount and type of research to be gone into by an attorney in researching this type of a novel issue, and so on.

"So there is no question in this Court's mind that this is a very modest and reasonable request, Mr. North, and I'm going to grant Mr. Johntz' request. I'll

grant the plaintiff judgment against defendant for the sum of $1,500 for legal fees incurred by pursuing her case in the United States Supreme Court."

This court is not concerned over the sufficiency of movant's evidence to support a judgment. The court was justified in accepting counsel's assertions of fact made in open court. See *Small v. Small,* 207 Kan. 506, 508, 485 P.2d 1365, and *Bennett v. Bennett,* 175 Kan. 692, 699, 266 P.2d 1021. This court is concerned with the premature termination of the hearing before the appellant was permitted to cross-examine counsel for appellee and introduce what evidence he might have bearing on the reasonableness of the fee.

In *Meyer v. Meyer,* 209 Kan. 31, 495 P.2d 942, we hold:

"Litigants have a right by counsel to analyze facts and present their theory as to the applicable law which would support or defend their position. The right to be heard is a matter of public consequence as well as private concern as advocacy in our system of jurisprudence is an effective aid in rendering justice." (Syl. 1.)

The right to examine and cross-examine witnesses testifying at any judicial or quasi-judicial hearing is an important requirement of due process. See *Adams v. Marshall,* 212 Kan. 595, Syl. 4, 512 P.2d 365, and cases cited therein.

In *Palmer v. Breyfogle,* 217 Kan. 128, 535 P.2d 955, it is said:

". . . It seems to us that where a lawyer sues his client or anyone else for services rendered, he should have some reasonable idea and be able to state the nature of the services which he performed and the professional time and effort he expended in rendering such services. We would require no less of an artisan or a laboring man who is seeking compensation on the basis of quantum meruit." (p. 147.)

In *Breyfogle* one lawyer was suing another lawyer to recover a portion of an attorney fee awarded in a divorce case. Should it be any different when a lawyer sues a layman for a fee? We believe not and even though the amount of the fee allowed was adequately supported by evidence and statements of appellee's counsel the appellant should have been afforded the right to cross-examine and introduce what evidence he might have bearing on the reasonableness of the fee sought.

The judgment allowing attorney fees is reversed and the case is remanded to the District Court of Johnson County for further proceedings in accordance with the views expressed herein.

MILLER, J., dissenting: I respectfully dissent from the conclusion reached by my distinguished associates. The majority

concede that appellee's claim was adequately supported by substantial evidence. The criteria of *Palmer v. Breyfogle,* 217 Kan. 128, 535 P.2d 955, cited in the majority opinion, was met.

The transcript discloses that appellant did not ask leave to recall Mr. Johntz to the witness stand, and did not seek to cross-examine him. He did not propose to offer any expert testimony as to the value of the services rendered. Appellant sought only to review and criticize each pleading filed by Johntz on behalf of the appellee, and to state objections thereto. I do not think that the trial court abused its discretion in proceeding to determine the matter without such a critique. Appellant had ample opportunity to voice his criticism of the services rendered during the hearing (which occupies some 29 pages in the transcript) without going through the pleadings page by page, item by item, and line by line. He did not choose to disclose his objections below, and I see no reason why he should now be given another opportunity to do so. The trial court offered to review the appellee's file, but that offer was rejected. What appellant sought was extended oral argument, not the introduction of evidence. Under the circumstances, the trial court did not act unreasonably in curtailing further argument.

The trial court was advised of the nature of the proceedings in the federal court, the issues attempted to be raised, the time counsel spent preparing pleadings, the pleadings filed, and the ultimate rulings in the action. As required by *Palmer,* supra, the evidence established ". . . the nature of the services . . . performed and the professional time and effort . . . expended . . ."

For the reasons stated, I would affirm.

HOLMES and McFARLAND, JJ., join in the foregoing dissenting opinion.