(584 P.2d 1269)
No. 49,321

JOSEPH A. PETERSON and LORETTA R. PETERSON, *Appellants,* v. GARNEY CONSTRUCTION COMPANY, *Appellee.*

Opinion filed October 6, 1978.

*Donald L. Zemites,* of Alder & Zemites, of Overland Park, for appellants.

*George A. Lowe,* of Lowe, Terry & Roberts, of Olathe, for appellee.

Before PARKS, P.J., SWINEHART and MEYER, JJ.

MEYER, J.: On October 16, 1974, Joseph A. and Loretta R. Peterson (appellants) initiated a court action against Garney Construction Company (appellee) for $100,000 actual and $100,000 punitive damages, plus fees and costs. Both parties continued the case several times; ultimately, the court said there would be no more continuances, and trial was set for April 19, 1977.

On April 13, 1977, appellants decided to request voluntary dismissal of their case; they communicated this information to the appellee on April 16, 1977. On April 18, 1977, counsel for the parties appeared before the court and appellants asked that the case be dismissed without prejudice.

The court stated it would allow appellants' dismissal, but would determine the terms and conditions thereof after the appellee filed an affidavit of expenses incurred by reason of the dismissal.

On May 5, 1977, appellee filed the affidavit setting forth its expenses of the dismissal; appellants filed no response.

On June 20, 1977, the court held a hearing to determine the terms and conditions of the dismissal. The court heard arguments and admitted (over appellants' objection) exhibits relating to appellee's expenses. The court then awarded the appellee $2,076.83. This sum included the expenses of appellee's witnesses and some attorney fees—primarily those spent pertaining to the dismissal hearing.

Appellants' basic complaint on appeal is they were overcharged. They expected a rather nominal sum (that is, "court costs" in the usual sense) would be awarded against them as a condition of their dismissal. They claim the trial court abused its discretion in taxing them appellee's witness costs and attorney fees. Appellants contend that the court should have made the terms and conditions of dismissal known to them before ruling upon their request for dismissal. They argue that to do otherwise discounts the voluntariness of their motion to dismiss. In support of their argument, appellants cite *Federal Savings & Loan Ins. Corp. v. First Nat. Bank, Etc.*, 4 F.R.D. 313 (W.D. Mo., 1945). In *Federal Savings,* the plaintiff requested dismissal without prejudice if certain conditions stated in his motion could be met. On appeal, it was held that the trial court must grant the motion according to the stated conditions or deny it completely. The instant case, however, is to be distinguished. Appellants below merely moved for voluntary dismissal. No contingent terms of dismissal were included in their motion, and the court was free to exercise its authority under K.S.A. 60-241 in setting out the "terms and conditions" of such dismissal.

In *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, Syl. 5, 469 P.2d 272 (1970), our Supreme Court said:

". . . [T]he inquiry whether the district court abused its judicial discretion in denying a plaintiff's motion to dismiss his action without prejudice after defendant's answer is filed, is confined to whether the situation and the circumstances clearly show an abuse of discretion, that is, arbitrary action by failure to apply the appropriate equitable and legal principles to the established or conceded facts and circumstances."

In the instant case, appellee spent most of the preceding weekend in trial preparation. Several defense witnesses had already flown in from distant cities to testify. It is both reasonable and foreseeable that the court would impose certain costs against appellants to compensate for loss and inconvenience caused by their last-minute dismissal. Appellants claim that the court stated on April 18, 1977, that it would tax "some" costs against them, and that they objected to imposition of any costs. The record of the June 20, 1977, hearing, however, shows that the court, in reference to the April 18, 1977, dismissal hearing, said:

". . . The Court . . . did permit dismissal but stated that because of the problems involved it was going to tax all of the costs on the trial preparation to plaintiff . . . ."

The appellee then averred:

". . . [I]t was ordered that the defendant's counsel prepare an affidavit of expenses incurred as the direct result of the dismissal of the case . . . ."

The appellants, however, stated, at page 21 of the Transcript of the June 20, 1977, hearing:

". . . It seems to me . . . there was no indication at the morning of the dismissal that there was going to be this sort of costs assessed or expenses of litigation if you will . . . .
"Your Honor will remember we did object to it, certainly did not agree to it."

Unfortunately, the April 18, 1977, meeting was not transcribed. The record provides this entry on the trial docket sheet:

"April 22, 1977—Journal entry approved allowing dismissal of suit without prejudice, pursuant to provisions of K.S.A. 60-241(2) and conditions of the Court."

This entry is the only actual record of the April 18 hearing, and in our opinion is persuasive as to what occurred on that date. The entry is further supported by the court's statement on June 20, quoted above. .

Appellants also urge that K.S.A. 60-241(d) allows the court to assign costs of an action previously dismissed only as a condition of appellants' refiling the case. K.S.A. 60-241(d) provides that

upon refiling, "the court may make such order." Judge Gard comments, "the court may require the payment . . . ." (Gard's Kansas C.C.P. § 60-241[d]). In both instances, the use of "may" is permissive. We note that K.S.A. 60-241(d) does not preclude the court's imposing such costs and expenses on a plaintiff as a condition of dismissal rather than as a condition of refiling.

Appellants correctly state the general rule in Kansas that attorney fees are not chargeable as costs against the other party in the absence of clear and specific statutory provisions. *Schwartz v. Western Power & Gas Co., Inc.,* 208 Kan. 844, 494 P.2d 1113 (1972); *Hodges v. Lister,* 207 Kan. 260, 485 P.2d 165 (1971); and *Reznik v. McKee, Trustee,* 216 Kan. 659, 534 P.2d 243 (1975). However, we find the following language of K.S.A. 60-241(a)(2) to be sufficiently specific:

". . . [A]n action shall not be dismissed at the plaintiff's instance save upon order of the judge and *upon such terms and conditions as the judge deems proper."* (Emphasis added.)

On June 20, both parties presented oral argument to the court on the matter of the terms and conditions. The appellee explained why each item listed in its previously-filed affidavit was necessarily an expense incurred as a result of dismissal, and produced exhibits to support those costs. Appellants filed no written response to appellee's May 5 affidavit. At the June 20 hearing, appellants could have, had they asked, examined appellee concerning the expenses listed in the affidavit or any other statement made by appellee in open court. See *Santee v. North,* 223 Kan. 171, 574 P.2d 191 (1977). At no time, however, did appellants request additional evidence of the necessity or reasonableness of appellee's expenses, nor did they request an evidentiary hearing on the matter. The court was therefore entitled to accept appellee's affidavit and exhibits as true and to base its determination of terms and conditions of dismissal upon them. The court did not award the appellee all the items claimed as necessary expenses. The court independently determined which items were indeed expenses of dismissal and could not be used by appellee if the case is refiled. The court disallowed one half of the attorney fees and one half of the expert's fees, on the theory that these would be valuable in the event of future trial. In *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P.2d 1172 (1973), our Supreme Court said:

"Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable . . . where no reasonable man would take the view adopted by the trial court."

We do not think that any of the court's conditions of dismissal amount to an abuse of discretion.

Appellants also complain that the court did not properly consider the relative equities and faults of the parties. Appellants decided on April 13 to request dismissal of their suit. Appellee was not notified (for whatever reasons) of appellants' intention until the evening of Saturday, April 16, three days before trial. The court was not informed until April 18. If appellants had notified appellee on April 13, all but one of appellee's listed expenses could have been avoided (and even that one item was disallowed by the trial court). If the court had known of appellants' intentions on April 13, the jury could have been notified not to report, thus saving the county some expense. Appellants, meanwhile, had their $200,000 suit dismissed without prejudice, at their own request. Because they are not barred from refiling their action, it appears that much equity flowed toward them. Appellants assert that, had they known of the expenses ultimately charged against them, they might have chosen to reject the terms and conditions and, therefore, the dismissal. Appellants' argument is not convincing. Their suit was for $200,000. A witness vital to their case was missing. They were not prepared to go to trial. It is difficult under these circumstances to accept their allegation that they would have rejected a chance for dismissal without prejudice had they known the cost would be some $2000.

Affirmed.