(643 P.2d 1153)
No. 53,742

ROBERT B. OLSEN, *Appellee,* v. MELVADEAN OLSEN (now PETERSON), *Appellant.*

Opinion filed April 29, 1982.

*David J. Waxse,* of Payne & Jones, Chartered, of Olathe, for the appellant.

*Eugene T. Hackler,* of Hackler, Londerholm, Corder, Martin & Hackler, Chartered, of Olathe, for the appellee.

Before SWINEHART, P.J., ABBOTT, J., and HARRY G. MILLER, District Judge Retired, Assigned.

SWINEHART, J.: This is an appeal by defendant Melvadean Olsen (now Peterson) from the order of the District Court of Johnson County overruling her motion for allowance of attorney fees she incurred in responding to the appeals taken by plaintiff from the previous orders of the district court concerning a divorce action. The issue presented in this appeal is whether the district court erred in ruling that it was without jurisdiction and was not the proper forum to award attorney fees for services rendered on an appeal to the Kansas Court of Appeals.

This action arises out of a bitterly contested divorce action. The final judgment in the protracted divorce proceedings was filed by the district court on June 11, 1980. The divorce case was tried, the parties divorced and their property divided. Defendant was not allowed attorney fees in the original action. Plaintiff appealed the trial court's division of property to the Kansas Court of Appeals (Case No. 52,282). This court affirmed the trial court in a memorandum opinion filed April 10, 1981. Plaintiff then filed motions for rehearing or rehearing en banc. On April 28, 1981, the motions were denied and defendant's reply motion for attorney fees incurred in defending just the motions for rehearing or rehearing en banc was also denied. On June 19, 1981, plaintiff's petition for review was denied by the Kansas Supreme Court.

On June 25, 1981, defendant made a motion to the district court for an order requiring plaintiff to pay attorney fees and costs in

the sum of $4,502.50 incurred by defendant in responding to the appeals taken by plaintiff from the previous orders of the court because those appeals were not meritorious and were carried far beyond a reasonable level. The district court denied defendant's motion by order filed on September 16, 1981. On September 30, 1981, defendant made a motion to the Court of Appeals for attorney fees incurred in the appeal. The requested attorney fees were considered and denied on October 7, 1981, for the reason that the appellate court lacked jurisdiction because the mandate had gone down. Defendant then filed this appeal from the trial court's order denying attorney fees.

Defendant contends that the trial court erred by ruling that it was without jurisdiction and was not the proper forum to award attorney fees for services rendered on an appeal. Defendant maintains that K.S.A. 1981 Supp. 60-1610(*h*) gives the trial court authority to award costs and fees. That section provides:

"A decree in an action under this article may include orders on the following matters:

. . . . .

"(*h*) *Costs and Fees.* Costs and attorneys' fees may be awarded to either party as justice and equity may require."

It is clear from a literal reading of this statute that the issue presented in this appeal is not specifically resolved. This provision deals generally with divorce proceedings. The courts have, however, applied this statute in some post-divorce actions. In *Kessler v. Kessler,* 188 Kan. 255, 257, 362 P.2d 21 (1961), the Supreme Court held:

"It is the law of this state that a wife may recover reasonable attorney fees from her husband when she is compelled by his wrongs to employ counsel to protect her rights. When a former wife seeks to defend or enforce a judgment, attorney fees are properly allowable (*Maston v. Maston* [171 Kan. 112, 229 P.2d 756 (1951)]). In other words, after a divorce is granted, attorney fees are allowable if a wife is forced, due to the action or inaction of her former husband, to come into court to protect a right granted her by the judgment in a divorce action."

*Kessler* is representative of the bulk of cases concerning the recovery of attorney fees in divorce actions. Those cases all arise from an award of attorney fees by a district court when the proceedings have taken place in the district court, either in the original divorce action or in a post-divorce proceeding for either the modification of an order, or the enforcement of an order. The issue of whether a district court may award attorney fees for the

appeal of a divorce action in a Kansas appellate court has never been addressed before.

In *Santee v. North,* 223 Kan. 171, 574 P.2d 191 (1977), the court dealt with a similar issue which defendant argues is applicable to the present case. *Santee* is the sequel of a divorce action which originally reached the Kansas Supreme Court in *North v. North,* 217 Kan. 213, 535 P.2d 914 (1975). In that case the court rejected the defendant-husband's constitutional challenge to the Kansas statute authorizing a divorce on the ground of incompatibility. After rehearing was denied, the defendant sought review by the United States Supreme Court in two separate proceedings, an appeal under 28 U.S.C. § 1257(2) and a petition for writ of certiorari under 28 U.S.C. § 1257(3). The plaintiff's counsel opposed both proceedings. The United States Supreme Court dismissed the 28 U.S.C. § 1257(2) appeal for lack of a substantial federal question (*North v. North,* 423 U.S. 918 [1975]), and denied certiorari (*North v. North,* 423 U.S. 940 [1975]). The plaintiff then filed a motion in the district court from which the original divorce was granted, asking for attorney fees for services rendered in defending the divorce decree in the United States Supreme Court. The district court allowed $1,500 and the defendant appealed. The Kansas Court of Appeals affirmed the district court in an unpublished opinion, holding that the award of fees is discretionary under K.S.A. 60-1610(*g*) (now [*h*]), and no abuse of discretion was found which would warrant overturning the trial court's order. The Kansas Supreme Court reversed the Court of Appeals, but on other grounds, and noted that the jurisdictional issue regarding a state trial court's authority to allow attorney fees for services rendered in the federal courts was argued at the state trial court level, but was not raised on appeal. *Santee v. North,* 223 Kan. at 172. Consequently, *Santee* does not constitute precedent for defendant's position.

Supreme Court Rule 7.07, 228 Kan. liii-liv, concerns costs and fees on appeal. It provides in part:

"(a) GENERAL. In any case there shall be separately assessed when applicable all fees for service of process, witness fees, reporter's fees, allowance for fees and expenses of a master or commissioner appointed by the appellate court, *and any other proper fees and expenses.* All such fees and expenses shall be approved by the appellate court unless specifically fixed by statute. When any such fees and expenses are to be anticipated in a case, the appellate court may require the parties to the proceeding to make deposits in advance to secure the same. In disposing of

any case before it, an appellate court may apportion and assess any part of the original docket fee, the expenses for transcripts, *and any additional fees and expenses* allowed in the case, against any one or more of the parties in such manner as justice requires.

"(b) FRIVOLOUS APPEALS. If the court finds that an appeal has been taken frivolously, or only for purposes of harassment or delay, it may assess against an appellant or his counsel, or both, the cost of reproduction of the appellee's brief and a reasonable attorney's fee for the appellee's counsel. The mandate shall then include a statement of any such assessment, and execution may issue thereon as for any other judgment, or in an original case the clerk of the appellate courts may cause an execution to issue." (Emphasis added.)

Although it does not have any authoritative status, the Kansas Appellate Practice Handbook discusses the recovery of attorney fees for services rendered and expenses incurred in appeals in nonindigent civil appeals:

"The purpose here is not to specify the types of actions in which attorneys' fees may be allowed on an appeal. The purpose is to set out the procedure to be followed whenever attorneys' fees may be allowed as additional costs on appeal, *e.g.,* those involving divorce and alimony (K.S.A. 60-1610); certain actions involving the negligent operation of a motor vehicle (K.S.A. 60-2006); and certain actions on insurance policies (K.S.A. 40-256).

"When an attorney seeks an award of attorney fees for services performed on appeal, he should file a motion in the appellate court in which the services were rendered for allowance of attorney fees and reimbursement of expenses incurred, attaching an affidavit to the motion indicating the nature and extent of the services rendered and specifying the time expended and the expenses incurred on the appeal. The affidavit should also contain factors demonstrating the reasonableness of the claim (*see* Rule 231, DR 2-106(B), 220 Kan. cxv-cxvi). The motion should be filed promptly after oral argument. There is no hearing before the appellate court on the issue of allowance of attorney fees. Upon examining the affidavit and the records submitted, the court will ordinarily dispose of the application for fees by separate order." Kansas Appellate Practice Handbook, KBA 1978, pp. 47-48.

This simple procedure was available to defendant to seek recovery of attorney fees incurred. Defendant was familiar with this procedure. Indeed, she utilized the procedure when she sought recovery of expenses and fees incurred in defending plaintiff's motions for rehearing or rehearing en banc before the Court of Appeals. Defendant now argues that this procedure for recovering fees is not exclusive — that the district court can also award such fees.

We find that a trial court is not in a position to decide how the costs on appeal should be assessed under Supreme Court Rule 7.07(a), 228 Kan. liii, or whether an appeal was frivolous under Supreme Court Rule 7.07(b), 228 Kan. liii-liv. For a trial court to

render an informed decision on the matter, it would have to study the appellate briefs, perhaps have a transcript of the oral arguments made before the appellate court, and study the appellate court's opinion or memorandum to decide whether the court rested its decision on any of the parties' arguments. The trial court would be asked to do what the appellate court is already in the position to do at the end of the appeal. The trial court's decision would then, of course, be subject to appeal, bringing the matter back full circle. Also, the procedure suggested by defendant would put the trial court in the tenuous position of deciding whether an appeal from one of its own decisions was meritless or frivolous.

Defendant cites no direct authority to support her position that the trial court has jurisdiction to award attorney fees incurred in an appeal. The case law cited is not on point, and the reality of such a practice would be inefficient and would not advance the orderly administration of justice. It is our finding that the trial court does not have the jurisdiction to assess costs or attorney fees arising out of an appeal of a divorce action before a Kansas appellate court, or to determine whether the appeal was frivolous or whether it was carried far beyond a reasonable level. These matters are for the appellate court alone to decide as part of its appellate jurisdiction.

Affirmed.