(809 P.2d 1249)

No. 65,638

JOHN F. MCKISSICK, *Appellant*, v. ROBERT G. JACKSON, MARLIN LIGHTLE, WILLIAM CRIQUI and THE KANSAS TURNPIKE AUTHORITY, *Appellees*.

Opinion filed April 26, 1991.

*Robert D. Ochs* and *Michael Kelley*, of Ochs, Kelley & Luttjohann, of Topeka, for appellant.

*Stanley E. Oyler* and *Frank S. Eschmann*, of Ascough, Eschmann, Oyler, P.A., of Topeka, for appellees Marlin Lightle, William Criqui, and The Kansas Turnpike Authority.

*James E. Benfer*, of Benfer, Bausch & Blumreich, P.A., of Topeka, for appellee Robert Jackson.

Before RULON, P.J., REES and ELLIOTT, JJ.

ELLIOTT, J.: John McKissick appeals the trial court's imposition of "costs" as a condition of granting a continuance and the subsequent dismissal with prejudice of his personal injury suit (K.S.A. 60-241).

Finding no reversible error, we affirm. The facts are mostly undisputed. Plaintiff, in 1987, filed suit for injuries allegedly suffered in an automobile accident. Eventually, the case was set for trial. The day before trial, plaintiff was treated for chest pains and his doctor stated he could not appear at trial.

On the day trial was to commence, the trial court heard plaintiff's motion for continuance and granted that motion with conditions: Plaintiff was to pay costs for subpoenaed witnesses, pay defense attorney fees for the cost of preparation for seven days, arrange for plaintiff's videotape deposition within 90 days, and

reimburse the county for the cost of the jury panel called for trial. Plaintiff was given 10 days after receiving defendant's attorney fee statement to object and request a hearing. Barring an objection to the fee statement, plaintiff had an additional ten days to pay. Should the "costs" not be paid according to schedule, the case was to be dismissed with prejudice.

Plaintiff failed to meet the conditions of the continuance and the case was then dismissed with prejudice.

Plaintiff appeals that dismissal.

Plaintiff first argues the trial court erred in imposing conditions on the granting of his motion for continuance. K.S.A. 60-240 provides that a court may, for good cause shown, continue an action upon such terms/conditions as may be just.

A ruling on a motion to continue is discretionary, and absent a clear showing that no reasonable person would take the view adopted by the trial court, we must affirm. See *Wilson v. American Fidelity Ins. Co.*, 229 Kan. 416, 422, 625 P.2d 1117 (1981).

Most jurisdictions allow costs and other expenses incurred in preparation for trial as conditions for a continuance. See Annot., 9 A.L.R.4th 1144 § 3[c]. Awarding expenses in preparing for trial is a reasonable condition for a continuance. *E.g., Flea Market, USA, Inc. v. Cohen*, 490 So. 2d 210 (Fla. Dist. App. 1986); *Olesen v. Snyder*, 277 N.W.2d 729 (S.D. 1979).

Kansas has not specifically addressed the question of conditions for granting a continuance, but has addressed the question of conditions for granting a dismissal without prejudice. For example, an award of attorney fees as a condition for a dismissal without prejudice has been found reasonable. See *Peterson v. Garney Constr. Co.*, 2 Kan. App. 2d 587, 588, 590, 584 P.2d 1269 (1978).

In the present case, the trial court noted plaintiff had serious medical problems for years, of which plaintiff's counsel was aware. Plaintiff's counsel acknowledged he had not taken steps to preserve his client's testimony prior to trial. He also acknowledged the trial court could continue trial on such conditions as it deemed just.

After the trial court imposed conditions, plaintiff's counsel did not inform the court those terms would effectively preclude plain-

tiff from pursuing his claim. Further, counsel did not request a hearing on the reasonableness of the fees requested by defendant.

The only comment made about plaintiff's ability to pay the fees imposed was, "Your Honor, with regard to—if the Court allows the attorney's fees and plaintiff is unable to pay it, then am I to understand the case will be dismissed with prejudice at that point?"

We find nothing in the record to indicate the trial court was made aware of any difficulties in meeting the conditions for the continuance. The trial court did not abuse its discretion.

Plaintiff also contends the trial court erred in not granting a dismissal without prejudice. As discussed in *Peterson,* the trial court could impose the same conditions in dismissing without prejudice as it did in granting the continuance. The trial court was concerned that, knowing plaintiff's medical condition, counsel took no steps to preserve plaintiff's testimony for trial.

We are unable to state the trial court abused its discretion in granting a continuance on conditions rather than a dismissal without prejudice—also on conditions—where the same conditions could have been imposed.

Affirmed.