NOT DESIGNATED FOR PUBLICATION

No. 124,408

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

JESSICA ENGLISH,
*Appellee*,

and

NICOLE ENGLISH,
*Appellant*.


MEMORANDUM OPINION


Appeal from Leavenworth District Court; DAN K. WILEY, judge. Opinion filed July 22, 2022. Affirmed.


*Jean Ann Uvodich*, of Olathe, for appellant.


*Jonathan Sternberg*, of Jonathan Sternberg, Attorney, P.C., of Kansas City, Missouri, for appellee.


Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.


PER CURIAM: District courts are granted broad discretion in how a marital estate should be apportioned. Nicole English now timely appeals the district court's division of the marital estate and the order compelling her to pay maintenance to Jessica English. Because Nicole failed to raise the issues she now complains of below, we exercise our discretion and decline to address her unpreserved arguments on appeal. Even if we were

to consider them, we find the district court did not abuse its discretion in the manner it apportioned the marital estate, and we affirm.

FACTS

Jessica and Nicole married in 2014 following a long romantic relationship that started in 1996 after Jessica divorced her husband. The district court granted their divorce in 2021 and bifurcated the issues related to child custody, child support, and division of the marital assets. The parties resolved the child custody and support issues, leaving the district court with the task of making an equitable division of the marital estate including Jessica's request for maintenance.

Throughout the years of the relationship and marriage, both Jessica and Nicole individually and jointly bought and sold real estate. Nicole worked for the federal prison system and started an account with the system in 1991; she later added Jessica to the prison account in April 1997.

Nicole testified, given the rules of the federal buyback program, she and Jessica did not always have both of their names on the houses due to her frequent transfers within the prison system. However, both of their names were on a house Jessica purchased in 2012.

Nicole made deposits to a Thrift Savings Plan (TSP) when she started working for the federal prison system in 1991. Nicole did not remember the value of the account when she and Jessica began their relationship. She calculated the value of the TSP, for the purpose of splitting the property, at $146,880. Her figure was based on the amount added during their six years of marriage and divided in half.

Nicole also testified Jessica ran an eBay store but Nicole was not involved with the business. However, according to Nicole, Jessica put Nicole's name on the business and associated PayPal account without her permission.

Nicole testified she never thought she was married to Jessica until their actual wedding in 2014 and did not intend for her debts and assets to be combined from the time she and Jessica started their relationship until their divorce.

Jessica and Nicole each testified about their various installment debts. At some point in their relationship, Jessica and Nicole fell behind on their bills and made the choice to pay Nicole's debts first so that she would not lose her job.

Jessica testified that she was requesting maintenance because she was financially dependent on Nicole. She was also requesting 75 percent of their marital debts be assigned to Nicole because Nicole made around 75 percent of their combined total income. Jessica did work during different periods of the relationship. After their youngest child entered grade school, she began working more outside the home and owned an eBay store business.

After the parties rested, the district court, referring to testimony Nicole gave earlier in the hearing, stated:

"I don't think this case has a whole lot to do with same-sex marriage other than I will make this comment.

"You—first off, you guys got a case that's a mess if you were heterosexual and— and difficult decisions for the Court. I will tell you this, that Kansas law makes it pretty clear that once a divorce is filed, all property becomes property of the marriage, and it's all capable of being divided, and then it becomes to an equitable decision by the Court. And although the Court may set aside marital property oftentimes to a party that brought it into the marriage, that's not a requirement in the law. The requirement is I do an

3

equitable distribution. That's the first thing I will say. And so if this were a domestic partnership or something like that, it's still a case that's a mess.

"But there is an overlay here with regard to the same-sex marriage, and that is the only difference is that in most states—certainly up until 2014, with a few exceptions— same sex [marriage] . . . wasn't legal. And so that does have some kind of impact with regard to what the Court believes was the intent of the parties prior to that, to the extent that it affects their—whatever domestic partnership they may or may not have had prior to that date. But not withstanding that, everything else is no different than if you guys were, like you said, a heterosexual couple."

The district court in its division of property assigned all the parties' various bank accounts, cash, personal property, and debts. No value was assigned to Jessica's eBay store business because there was insufficient evidence to establish a value.

When analyzing how to divide the retirement accounts, the district court also noted it was considering maintenance along with the retirement accounts. The district court split the balance of Nicole's TSP equally as of March 6, 2020, with any appreciation or depreciation due to the market being apportioned appropriately. Contributions made by Nicole since that date would go solely to Nicole. The entirety of Nicole's Federal Employee Retirement System account was awarded to Nicole, but the value, which appears to be substantial, is unclear based on the record provided to us.

Finally, the district court ordered Nicole to pay Jessica $1,861 in maintenance beginning July 1, 2021, for 88 months, less the 15 months she had already paid under the temporary orders. The district court also determined, based on the allocation of assets and debts, Nicole received $12,478 less than Jessica did. To make the division of assets more equitable, the district court ordered Jessica to pay Nicole half of that amount—$6,239— and the amount paid for rent during the divorce proceeding for Jessica's benefit to arrive at $8,189 Jessica owed Nicole. The district court awarded that amount as a judgment to

Nicole but ordered it to be paid by reducing Nicole's maintenance obligation by $341 for 24 months unless Nicole collected the judgment in another fashion.

ANALYSIS

On appeal, Nicole does not specifically challenge how the district court assigned the marital estate to each of the parties other than complaining the district court erred by considering all of the assets of the marriage regardless of when they were acquired and, as such, the division including the maintenance order prejudiced her. She directly argues the district court (1) violated her constitutional rights under the Equal Protection Clause when it determined that the parties would have married earlier had they been able to do so; (2) committed misconduct or exhibited bias by treating the parties differently than it would treat parties in a heterosexual divorce; and (3) erred by "essentially finding" that the parties had entered into a common-law marriage at a date earlier than their 2014 marriage.

Because issues one and two are similar, we will address them together.

*The District Court Did Not Exhibit Bias Against the Parties*

In her first two issues on appeal, Nicole argues the district court erred and showed bias when it based the ruling on its statement that "if the parties could have legally married they would have." This, Nicole argues, reflects the district court treated the parties differently than it would have treated a heterosexual couple because there would be no presumption a heterosexual couple would have married at an earlier date than they chose to get married on. In addition, Nicole argues the district court committed misconduct by doing so and improperly divided property acquired prior to the parties' marriage.

5

As we address Nicole's arguments, we note her brief fails to cite to the record to support her point, and her arguments are minimal and contain unsupported statements with limited citations to caselaw and limited argument relying on her citations. See Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35).

*Preservation*

Generally, issues not raised before the district court cannot be raised on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). Constitutional grounds for reversal asserted for the first time on appeal also are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014).

*Discussion*

Jessica, in response to Nicole's brief, argues Nicole failed to raise either of her first two issues—violation of her constitutional rights or judicial bias or misconduct—before the district court. Jessica is correct. Nicole's brief fails to provide any record citation to show where she raised these issues below and that they were ruled on—which she is required to do under Rule 6.02(a)(5). In our review of the record, we have been unable to find anything to reflect Nicole argued her constitutional rights were violated or the district court exhibited bias or engaged in misconduct. Nor does Nicole argue any of the exceptions to the preservation rule should apply for us to consider either issue raised for the first time on appeal.

Because Nicole did not raise either issue before the district court, we find she is unable to do so on appeal, and we use our prudential authority to decline to review her unpreserved claims of error. See *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

*The District Court Did Not Err in Making an Equitable Division of the Marital Estate or in the Order Requiring Maintenance*

For her final issue—also raised for the first time on appeal—Nicole argues the district court erred by awarding maintenance based on the length of the parties' entire relationship instead of basing it solely on the time they were married. She also argues the district court's reference to common-law marriage was inconsistent with Kansas law. Like the first two issues, Nicole's briefing of this issue is largely lacking in coherent argument and supporting citations.

*Preservation*

Before the district court, Nicole contended she and Jessica were in a "short term marriage and future maintenance should not be awarded as the parties both have the ability to earn a living that is sufficient to pay their own bills." Nicole did not object to the district court's facts and findings, nor did she move for reconsideration. Our Supreme Court has held that "a litigant must object to inadequate findings of fact and conclusions of law in order to give the trial court an opportunity to correct them." *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 378, 855 P.2d 929 (1993).

In *In re Marriage of Oliver*, No. 109,872, 2014 WL 802464, at *5 (Kan. App. 2014) (unpublished opinion), the appellant argued the district court improperly considered fault when dividing the parties' marital property. The appellant did not object before the district court, claiming the district court relied on the concept of fault, nor did the appellant file a motion to alter or amend the judgment. On appeal, the *Oliver* panel was "not persuaded that [the appellant] preserved the issues." 2014 WL 802464, at *6. We find the *Oliver* panel's holding persuasive.

7

Factually, the same situation exists here. Nicole did not object to the district court considering the length of the parties' relationship, nor did she move to alter or amend the judgment once the district court reached its decision. Nicole has failed to preserve her arguments; thus, we decline to address them. See *Gannon*, 303 Kan. at 733.

*Review of Nicole's unpreserved claims reflects no abuse of discretion.*

Even if we were to consider Nicole's arguments on appeal, we find she has not shown any error by the district court in the order dividing the marital estate or in setting the amount of maintenance.

A district court has broad discretion when adjusting the property rights of the parties involved in a divorce action. As a result, the district court's property division is reviewed for abuse of discretion. *In re Marriage of Wherrell*, 274 Kan. 984, 986, 58 P.3d 734 (2002). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

"In making the division of property the court shall consider: (1) The age of the parties; (2) the duration of the marriage; (3) the property owned by the parties; (4) their present and future earning capacities; (5) the time, source and manner of acquisition of property; (6) family ties and obligations; (7) the allowance of maintenance or lack thereof; (8) dissipation of assets; (9) the tax consequences of the property division upon the respective economic circumstances of the parties; and (10) such other factors as the court considers necessary to make a just and reasonable division of property." K.S.A. 2021 Supp. 23-2802(c).

Marital property is any property owned by the parties—including property acquired prior to the marriage. K.S.A. 2021 Supp. 23-2801(a). The district court is not required to evenly divide the property; instead, the primary consideration for the district

court is how to divide the property in a just and reasonable manner. K.S.A. 2021 Supp. 23-2802(c)(10); *In re Marriage of Brane*, 21 Kan. App. 2d 778, 782, 908 P.2d 625 (1995).

Nicole does not argue the division of property was unjust or unreasonable—she instead focuses on her constitutional and misconduct arguments. But there is no evidence to suggest the district court was biased, committed misconduct, or violated Nicole's rights when it divided the property. Instead, we observe the district court treated Nicole and Jessica's divorce like it would treat any other—by following the law and dividing the property in a way it believed was just and reasonable.

The district court explicitly stated it considered the factors set out in K.S.A. 2021 Supp. 23-2802 to make the division of the marital estate. Nothing in the record suggests otherwise. Nicole fails to show the district court abused its discretion when it divided the marital estate. The district court's decision was not based on an error of law, an error of fact, and was not unreasonable. See *Biglow*, 308 Kan. at 893. Thus, we cannot find any abuse of discretion.

Nicole also argues the district court erred in the amount it awarded for spousal maintenance because it considered the length of their relationship as opposed to the length of their marriage. Like the distribution of assets and debts, the district court has broad discretion to award spousal maintenance. *In re Marriage of Hair*, 40 Kan. App. 2d 475, 483, 193 P.3d 504 (2008).

Under K.S.A. 2021 Supp. 23-2902(a), a district court "may award to either party an allowance for future support denominated as maintenance, in an amount the court finds to be fair, just and equitable under all of the circumstances." When considering whether to award spousal maintenance, the district court may consider factors similar to those set forth in K.S.A. 2021 Supp. 23-2802(c). See *In re Marriage of Hair*, 40 Kan.

App. 2d at 484 (listing factors to consider when awarding maintenance) (citing *Williams v. Williams*, 219 Kan. 303, 306, 548 P.2d 794 [1976]).

Here, the district court considered all the factors involved in this case. Based on the record before us, Nicole has failed to meet her burden to show the district court abused its discretion in its spousal maintenance award. The district court's decision was not based on an error of fact or law, and it was not unreasonable under the circumstances.

*Jessica's Request for Attorney Fees Is Denied*

After the parties' briefs were submitted, Jessica filed a motion requesting an award for attorney fees of $9,000 for the expense incurred in opposing Nicole's appeal. She asserts Nicole's arguments were not properly preserved for appeal, had no meritorious basis in fact or law, and Nicole's briefing misstated the controlling points of fact and law.

K.S.A. 2021 Supp. 23-2715 provides the district court may award costs and attorney fees in a divorce case as justice and equity may require. Under Supreme Court Rule 7.07(b)(1) (2022 Kan. S. Ct. R. at 51), we have discretion to award attorney fees in a case where the district court has authority to do so. Accordingly, we have authority to award attorney fees here. On appeal, whether and what amount of attorney fees to award "are for the appellate court alone to decide as part of its appellate jurisdiction." *Olsen v. Olsen*, 7 Kan. App. 2d 472, 476, 643 P.2d 1153 (1982). Based on our review of the parties' briefs, the arguments in Jessica's motion, and the accompanying documentation of her appellate attorney fees, we deny Jessica's request for an award of attorney fees because Nicole's arguments on appeal—while ultimately unpersuasive—are not so unavailing that an award of attorney fees would be just and equitable.

Affirmed.